VINCENT GELCZIS, ADMINISTRATOR OF THE ESTATE OF SOPHIE GELCZIS, DECEASED, PLAINTIFF-RESPONDENT, v. THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK, A CORPORATION, DEFENDANT-APPELLANT.

Argued October 3, 1933—Decided February 15, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellant, *Brenner & Kresch* (*Alfred Brenner*, of counsel).

For the respondent, *Edward J. Madden*.

Per Curiam.

The plaintiff below has a judgment entered on a verdict in the Hudson County Court of Common Pleas.

The subject-matter of the suit was the liability of the defendant insurance company on an automobile liability policy of insurance issued by the defendant on October 1st, 1930, to one Fred W. Fuller, the named assured.

The point at issue, as we see it, is whether or not Fuller was covered by the policy on October 9th, 1930, the date of the accident. That this is the only question in issue is apparent by reason of a stipulation made by defendant at the trial that "the only dispute is whether Fred W. Fuller was covered by the policy of the Preferred Accident Insurance Company of New York at the time this accident took place" and defendant's stipulation also said "we concede that the policy was issued by the Preferred Accident Insurance Company of New York. The only question is the question of delivery."

The defendant contends that there was no proof that it delivered the policy of insurance to Fuller. We think there was. It was delivered to Mr. Stiasny, who was the agent with whom Fuller dealt in procuring the policy, and who received and held it, according to the testimony and admission of the defendant, as the agent of Fuller.

The defendant further contends that when this policy was delivered to the agent Stiasny, Fuller refused to receive it. We think that the evidence justifies the contrary inference and that he accepted it; that he wanted it and accepted it, but that he could not pay for it all at once but would pay for it on installments, in like manner as he had paid for the prior policy issued by the same company to him.

The defendant further contends that Stiasny had no authority to enter into such an arrangement in view of the terms of the policy.

But that contention we think it is idle to consider because the evidence is quite clear, we think, that the company waived any such provision subsequent to the accident by sending a notice of cancellation to Fuller on February 26th, 1931 (five

months after the issuance of the policy), and enclosing therewith a bill for the earned premium which Fuller paid.

The defendant, however, contends that the trial judge erred in admitting in evidence such notice of cancellation and the accompanying receipted bill for the earned premium.

We think not. The evidence was uncontradicted that such notice and bill were sent out from the home office of the defendant in the usual course of business and came through the mail addressed to Fuller and that the envelope in which they were contained indicated on its face that it came from such home office, as did likewise the notice of cancellation and the bill for premium, both being under the headings of "The Preferred Accident Insurance Company of New York, 80 Maiden Lane, New York, N. Y." Both notices stated the New Jersey agency of the defendant as "A. W. Marshall & Co.," of Newark. And it is also to observed that A. W. Marshall & Co., countersigned the policy as "Authorized Agent." The evidence also shows that on March 2d, 1931, Fuller paid the bill for earned premium to A. W. Marshall & Company, as shown by their receipt on the bill for earned premium. It was not objected that A. W. Marshall & Company had no authority to receipt for earned premium. The objection was that they had no authority because the policy had not been delivered to Fuller. We have already indicated that the evidence tended to show that it had been delivered.

It was therefore competent for the jury to infer, in the absence of any denial, that after the accident, the defendant company had sought to cancel the insurance, had rendered a bill for the earned premium, and through its duly authorized agent had received the money. And the testimony and evidence also tended to show that this was all done with complete knowledge of all of the material circumstances.

In this situation, as pointed out in *New Jersey Rubber Co.* v. *Commercial Union Assurance Co.,* 64 *N. J. L.* 580; 46 *Atl. Rep.* 777, "clearly the defendant could not assert a right to the premium for valid insurance and at the same time insist that the insurance had never been effected. By claiming and maintaining such a right, with full knowledge of all ma-

terial circumstances, it unequivocally affirmed the validity of the insurance for the period covered by the premium and definitely waived every objection on which its validity could be denied."

Our conclusion is that the motion for the direction of a verdict for the defendant was properly denied, and the objection to the admission in evidence of the notice of cancellation and the receipted bill for the earned premium was properly overruled.

The defendant further says that there was error on the part of the trial judge in charging the jury: "Well, of course, if the defendant agreed to waive the prepayment of the premium, that would bind the company."

We think that was not prejudicial error, as is demonstrated by the case of *New Jersey Rubber Co.* v. *Commercial Union Assurance Co., supra.*

The judgment will be affirmed, with costs.