[No. 38135.   Department Two.   March 10, 1966.]

FRED R. GLANDON, *as Guardian, et al., Respondents,* v. ALTON
SEARLE *et al., Defendants,* WESTERN PACIFIC INSURANCE
COMPANY, *Appellant.**

*Weyer, Sandelin, Sterne & Gaskill   (D. Scott Sandelin,*
of counsel), for appellant.

*T. G. Patterson,* for respondents.

LANGSDORF, J.†—This is an appeal from a judgment against
garnishee defendant, arising out of an action on a contro-
verted garnishment.

On the 15th of April, 1960, Viola Searle filled out an ap-
plication with an agent of Temperance Insurance Exchange
for an automobile insurance policy.  This policy was de-
signed for total abstainers of alcoholic beverages and was
sold at rates 15 per cent less than policies of other compa-
nies, as a consequence.  Clause 21 of this policy incorporated

*Reported in 412 P.2d 116.

†Judge Langsdorf is serving as a judge pro tempore of the Supreme
Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

the application, and was a warranty by the named insured that she was a total abstainer from alcohol, and that any person who drives the insured vehicle shall also be a total abstainer. Alton Searle, the husband of Viola Searle, was listed on the application as an occasional driver. For the previous 25 years, Alton Searle had been a confirmed alcoholic, a fact known to Mrs. Searle. She also represented to the defendant's agent that Alton Searle had a driver's license but apparently had lost it, and was in the process of obtaining a new Washington driver's license. This fact was noted on the application by the defendant's agent. In truth, Alton Searle had been convicted of drunken driving in 1955, when they resided in Hood River, Oregon, and his driver's license had been revoked by the state of Oregon. This fact was also known to Mrs. Searle at the time of making of the application.

On October 15, 1960, while the insurance policy between Viola Searle and the Temperance Insurance Exchange was in effect, 10 days before the expiration of the policy, the plaintiffs were seriously injured. On a dark night, their automobile ran into the rear of the Searle sedan, which was parked fully on the highway with the lights off. The assured's husband, Alton Searle, and an acquaintance, Elmer N. Sherwin, were out of the car. It was never determined who had been driving the Ford before it was stopped on the highway. There was no proof presented that anyone connected with the accident had been drinking.

The three causes of action were originally commenced in Spokane County but, due to the objection of the defendants to the venue of that court, the actions were commenced in the Superior Court for Adams County, the county in which the accident occurred. D. Scott Sandelin was hired by the Temperance Exchange (now the Western Pacific Insurance Company) to handle the defense of the action. Mr. Sandelin, upon assuming the defense, mailed a letter to Mrs. Searle and to Mr. Searle's attorney (the Searles being separated), reserving the right of the insurer to undertake the defense of the action under a full reservation of rights until a determination of coverage under the policy was made.

While the plaintiffs' action was pending, the insurer commenced an action in the United States District Court in Portland, Oregon, against Viola Searle, then domiciled in Oregon, for a declaratory judgment as to coverage under the policy. The Temperance Insurance Exchange did not notify or attempt to join either the plaintiffs or Alton Searle to this declaratory judgment action. Mrs. Searle did not answer this suit and the Temperance Insurance Exchange was granted a default judgment. A later attempt to have this default judgment set aside was denied by the federal court. D. Scott Sandelin's law firm was listed as one of the attorneys for the insurance company in the federal court action.

Immediately after the default declaratory judgment was entered, Mr. Sandelin gave notice of withdrawal as attorney for the Searles in the Adams County action, and also withdrew from the case in the United States District Court in Portland, Oregon. The plaintiffs subsequently were granted a default judgment against the Searles in Adams County in excess of $33,000. Garnishment was issued against the Western Pacific Insurance Company, formerly Temperance Insurance Exchange, and upon its answer of "no funds due," the answer was controverted by the plaintiffs. At the end of the garnishment trial, a judgment was granted against the Western Pacific Insurance Company for $20,000, the full amount of their insurance coverage on the defendants Searle. The trial court found that the premium paid by Mrs. Searle to the insurance company was never returned to her.

The appellant's appeal presents three assignments of error. (1) That the court erroneously concluded that the declaratory judgment against Viola Searle did not estop the respondents as a matter of law as to the question of coverage under the policy, and could be collaterally attacked in this garnishment action. (2) That the court erroneously concluded that D. Scott Sandelin's actions in this case violated public policy in that he served two masters. (3) That the trial court erroneously concluded that, despite the misrepresentations of the insured Viola Searle, the policy was in

effect on the date of the accident due to appellant's failure to properly assert the misrepresentations.

Under the circumstances of this case, appellant argues that it was impossible for it to obtain jurisdiction of all interested parties in any one action. Therefore, it sued Viola Searle, the named insured, in the United States District Court in Portland on the basis of diversity of citizenship, as she had removed her domicile to the state of Oregon. Appellant further argues that respondents, as creditors of Viola Searle, derive all their rights from her.

Under Washington law, however, it is clear that third party claimants in an action of this nature are not bound by a declaratory judgment in which they were not made a party. In *Trinity Universal Ins. Co. v. Willrich,* 13 Wn.2d 263, 124 P.2d 950 (1942), the insurer sued the insured under the declaratory judgment act and joined third-party claimants who had been injured by the insured in an automobile accident. In deciding whether the third-party claimants were proper parties in declaratory action, this court said, at 271:

> The appellants in this action have claims which may, and probably will, be vitally affected by the declaration in this case, for if they recover judgment against Willrich, they will have the right to compel respondent to pay that judgment, unless in some proceeding binding on them the respondent establishes its nonliability as insurer at the time of the accident. Were appellants not made parties herein, the declaration now sought by respondent could not be asserted to the prejudice of appellants' rights.
>
> Whenever the question has arisen, at least in recent years, it has been held that third party damage claimants, such as appellants in this case, are proper, and in some cases even necessary, parties to the declaratory action.

This doctrine was applied in the recent case of *Government Employees Ins. Co. v. Woods,* 59 Wn.2d 173, 367 P.2d 21 (1961). The court stated that the question before it was substantially the same as that decided in *Trinity Universal Ins. Co. v. Willrich, supra,* and that the rule expressed therein should be applied.

*Allstate Ins. Co. v. Thompson,* 121 F. Supp. 696 (1954), is a case remarkably similar to this action. The insurer wanted to get a ruling that the policy was obtained through the insured's fraud. There were pending suits against the insured by third-party claimants in other courts at the time of this suit. The court held that only the parties before the court are bound by a declaratory judgment and, as another lawsuit would be needed to decide the rights of third parties, the case should be dismissed.

It is thus quite clear that the respondents were not estopped from collaterally attacking the federal court declaratory judgment and asserting that insurance coverage existed at the time of the accident.

Assignment of error No. 2 becomes moot at this point. Even if Mr. Sandelin's actions prejudiced the respondents or the Searles, it was only in relation to the Oregon declaratory judgment, as he removed himself from the case immediately after it was granted. Now that it has been determined that this declaratory judgment does not affect the respondents, there is no longer any reason to complain of his actions.

Assignment of error No. 3 is also without merit. Appellant relies on the trial court's findings (finding of fact No. 12) that there were material misrepresentations and that the policy could have been voided by proper action and notice. Appellant claims it fulfilled the requisites of proper action and notice and the fraud renders the policy void. Appellant relies heavily on the case of *Temperance Ins. Exch. v. Coburn,* 85 Idaho 468, 379 P.2d 653 (1963), which, in a situation somewhat similar to the case before us, held for the defendant insurer. Granting that there were material misrepresentations by the insured and that the insurer relied on them in issuing a policy, (as was the case in *Temperance Ins. Exch. v. Coburn, supra*) the appellant insurer is still barred from denying coverage. It was found by the trial court (finding of fact No. 1) and uncontested in this appeal, that the insurer never returned the insured's premium. This was never in issue in the Idaho case.

■ Washington law is clear that where the insurer claims the policy was never effected due to the insured's fraud or misrepresentation, then as a condition precedent to this defense, the insurer must tender back the premium. The rationale of this rule is aptly stated in *Millis v. Continental Life Ins. Co.,* 162 Wash. 555, 298 Pac. 739 (1931). On page 567 appears the following:

> " 'Clearly the defendant could not assert a right to the premium for valid insurance, and at the same time insist that the insurance had never been effected. By claiming and maintaining such a right, with full knowledge of all material circumstances, it unequivocally affirmed the validity of the insurance for the period covered by the premium, and definitely waived every objection on which its validity could be denied.' *New Jersey Rubber Co. v. Commercial Union Assurance Co.,* 64 N.J.L. 580, 586." *Staats v. Pioneer Ins. Co.,* 55 Wash. 51, 104 Pac. 185.

The aforementioned rule was applied in the case of *Neat v. United States Fid. & Guar. Co.,* 170 Wash. 625, 17 P.2d 32 (1932). In this case, the insured hid the fact of his drunkenness and prior convictions from the insurance company. Upon discovery of his fraud (after a claim for loss), the insurer denied coverage but did not return the premium covering the time period of the date of issuance of the policy to the date of the accident. The court held that where an indemnity company retained the premium covering the period in which the accident happened, thereby asserting the validity of the policy at that time, it cannot claim that the policy was void ab initio because of insured's false representations in obtaining it.

In *Slovenian Mut. Benefit Ass'n v. Knafelj,* 36 Ohio App. 562, 568, 173 N.E. 630 (1930), the insured had given false answers in his application for insurance. The court said: "This contract was either in force or void. If it was void, the insurance company before repudiating it must tender back the premiums. This they did not do."

In 6 Couch, Insurance § 34:35 (2d ed.), the following statement appears at 779:

> While it is true that wilful fraud in procuring a policy may preclude the insured from maintaining an action for

the return of premiums paid by him, an insurance company seeking affirmative relief of rescission for fraud must tender the premiums and pay them into court, and is not entitled to have them refunded to it when the policy is ordered canceled. Although the contract provides that fraudulent and untrue statements of insured shall render the insurance void and work a forfeiture of all premiums paid, still the contract is not rendered absolutely void, but only voidable at the election of insurer, who must tender back the premiums received as one of the necessary steps to an election to rescind or avoid the policy.

The judgment is affirmed.

ROSELLINI, C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.