[No. 1042-1.    Division One—Panel 2.    May 8, 1972.]

DOUGLAS DALE JAMES, *Respondent,* v. MARVIN D. WARD, *Defendant,* TRANSIT CASUALTY Co., *Appellant.*

*Murray, Dunham & Waitt* and *Wayne Murray,* for appellant.

*Pemberton & Bentley* and *Ernest A. Bentley,* for respondent.

SWANSON, J.—Transit Casualty Co., hereinafter referred to as "Transit," appeals from a $10,000 judgment entered against it after a trial to the court on a controverted garnishment.

Douglas Dale James obtained by default judgment a $15,000 award of damages against defendant Marvin D. Ward for the personal injuries he sustained in an automobile accident in which Ward was the driver and James his guest passenger. James then garnisheed Transit, Ward's insurer, claiming Transit was indebted to Ward pursuant to the coverage contained in its policy with Ward. Transit denied any indebtedness because of alleged false statements in Ward's application for insurance and breach of the "notice" and "cooperation" provisions of the policy.[1] The trial court concluded that Transit had waived such defenses, and awarded judgment to plaintiff James against the garnishee

---

[1] The insurance policy's notice and cooperation provisions, included in finding of fact 1, state:

Notice of Claim or Suit—Coverages A and B: If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

Assistance and Cooperation of the Insured—Coverages A, B, D, E, F, G, H, I and J: The insured shall cooperate with the company, and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. . . .

defendant in the amount of the coverage provided in Transit's policy with Ward.

The pertinent and undisputed facts which provide the background to this controversy are as follows: Transit issued an automobile insurance policy to Marvin Ward for a 1-year period beginning February 9, 1967. On August 5, 1967, Ward drove his vehicle off the roadway which resulted in injuries to his guest passenger Douglas Dale James. On October 5, about 2 months after the date of the accident, Ward received a written notice from his insurer Transit which stated that his policy was canceled effective October 15, 1967. However, Transit made no refund of premiums paid.

Over a year later, Douglas James sued Ward to recover damages for the injuries he sustained in the August 5 accident and obtained a judgment against Ward by default. Ward failed to notify or to forward suit papers to Transit, and so his insurer had no knowledge of the pending litigation prior to the entry of the default judgment.[2] Garnishment proceedings against Transit followed.

Garnishee defendant Transit's appeal attacks the trial court's determination that Transit is not entitled to rely on its insured's failure to cooperate or to give notice of suit as a defense to liability on the policy, and assigns error to conclusions of law 3 and 4 which state:

[3]
Garnishee defendant has failed to establish that it is entitled to rely on the alleged failure of Marvin Ward to

---

[2]"Marvin D. Ward at no time after he was served on November 8, 1968, notified the agent, Daw Insurance Agency, in Bellingham, Washington, nor the Transit Casualty Company in Seattle, Washington, nor Jack Laing, the insurance adjuster, that he had been served with the Summons and Complaint. The garnishee defendant at no time prior to the entry of the Default Judgment had any knowledge that the defendant Marvin Ward had been served with a Summons and Complaint and that an action was pending for damages on account of injuries sustained by the plaintiff, Douglas Dale James, nor did he forward or deliver said Summons and Complaint to Daw Insurance Agency, Transit Casualty Company, or Jack Laing, the insurance adjuster." Finding 8.

cooperate in the investigation of the accident or give notice of the accident, or that it is entitled to rely for a defense on his failure to forward Summons and Complaint within a reasonable time after he was sued on November 8, 1968.

[4]

The refund of premiums by the insurer when the insurer intends to cancel a policy as being void, is a condition precedent to terminating the contract. By retaining the premium, the garnishee defendant affirmed the validity of the contract and has waived every objection on which its validity could be denied.

In his argument in support of the judgment, plaintiff James does not dispute the fact that the insured Ward breached the "notice of suit" requirement of the policy. Neither can it be disputed that plaintiff James, as the garnisheeing creditor, enjoys no greater rights against Transit than Ward, the named insured, would have against Transit. As stated in *Eakle v. Hayes*, 185 Wash. 520, 523, 55 P.2d 1072 (1936):

> The status of the appellant in this case is that of a garnishing creditor. It is a well-settled rule in this state that the rights of a garnishing creditor are no greater than those of the debtor, and, if the debtor cannot recover against the garnishee, then the garnishing creditor cannot. [Citations omitted.] Hence, if Hayes, the insured under the policy, could not have recovered against the respondent insurance company, then the appellant cannot.

The garnisheeing creditor James argues that Transit waived the notice of suit and cooperation conditions of the policy and should be estopped to claim the policy was in force because Transit had previously taken the position it was not in force. To support the conclusion of waiver, James relies on finding of fact 11 (to which the garnishee defendant assigns error) which provides:

[11]

At about the same time, garnishee defendant gave notice to Marvin Ward of cancellation of his policy, it instructed investigator Jack Laing to cease all investigation

and to close his file. Garnishee defendant treated the Ward policy, after October 15, 1967, as being void ab initio.

He also relies upon this portion of finding 9:

Adjuster Jack Laing testified that he recommended in late September or early October 1967 that the policy of Marvin Ward be cancelled because of what he felt were misrepresentations in defendant's initial application for insurance regarding epilepsy, and for lack of cooperation in investigation of the accident.

The trial judge prepared a carefully written memorandum opinion which is helpful in explaining the legal theory upon which the decision is based. Where formal findings are consistent with views expressed in a memorandum opinion they are to be read in the light of the views expressed in that opinion. *Rutter v. Rutter*, 59 Wn.2d 781, 370 P.2d 862 (1962). After recognizing the conditions precedent to liability on the policy, the trial judge stated:

These conditions were inserted into the insurance contract for the benefit of the insurer and under certain circumstances they can be lost by waiver or estoppel. In the instant case, the first affirmative act of defense against a possible claim against the insurer was the notice of cancellation dated October 5, 1967. By this move the insurer waived all of the possible defenses he might otherwise have had. These other defenses contemplate a valid, existing contract. The notice of cancellation contemplates a void contract, in this case a contract void *ab initio*. The two situations cannot be reconciled but this is the way the insurer played his hand. . . .

. . .

The insurer in the case at bar has not sustained the burden of proving fraud on the part of the insured, but assuming that they have, they have by retaining the premium affirmed the validity of the contract and have waived every objection on which its validity could be denied.

The essence of this appeal is the effect to be given the garnishee defendant insurance company's actions and conduct in canceling the policy. It is evident from the memo-

randum opinion that the trial court assumed that the October 5 notice of cancellation amounted to a claim that the policy was void from its inception. Such an assumption was necessary to bring the case within the rule announced in *Glandon v. Searle,* 68 Wn.2d 199, 204, 412 P.2d 116 (1966), and quoted in the memorandum opinion:

Washington law is clear that where the insurer claims the policy was never effected due to the insured's fraud or misrepresentation, then as a condition precedent to this defense, the insurer must tender back the premium.

But is such an assumption justified from the facts of this case? We hold that it is not, and the reliance upon the rule of *Glandon* is misplaced. Finding of fact 7 states in part:

That on October 5, 1967, two months after the accident, garnishee defendant [Transit] mailed a written notice to Marvin D. Ward, which notice stated his insurance policy was cancelled *as of October 15, 1967.* This notice was received by Marvin Ward.

(Italics ours.) This was the only notice Ward received and it contained no assertion that the policy was not in force prior to October 15, during which time the accident occurred, or that it was void from its inception, or that the company denied liability. Neither is there evidence, as in *Glandon,* that the company proceeded to defend under a reservation of rights pending a determination of coverage. Although Transit may have considered canceling the policy as being void, inasmuch as it told its adjuster "to cease all investigation and to close his file," and apparently "treated" the policy after October 15, 1967, as void from its inception, this is of no legal consequence because any intention the company may have had to cancel the policy as void or to deny liability was not acted upon. Marvin Ward had no knowledge of the company's attitudes or intentions toward the policy or that it may have regarded the policy as void. Consequently, there is no basis for the plaintiff James' estoppel argument.

It is of no significance that Transit may have believed Ward's application to be fraudulent, in the absence

of any evidence that this belief was ever communicated to Ward or that any affirmative action was ever taken to deny coverage. The court found that the company canceled the policy "as of October 15." The expressed declaration of the company, in the form of a notice received by the insured canceling the policy *effective October 15, 1967,* left the policy in force for the period prior to that date, which included the date of the accident. The expressed intention of the insurance company contained in the October 5th notice which, in effect, left undenied coverage under the policy prior to October 15, 1967, is controlling over uncommunicated intentions to treat the policy as void. Whether Transit effectively canceled the policy on October 15, 1967, without returning to its insured the premiums received, is likewise unimportant to our decision. *See Tyler v. Michigan Millers Mut. Ins. Co.,* 5 Wn. App. 648, 653, 491 P.2d 655 (1971).

In the absence of a finding of repudiation of liability under the policy, or denial of coverage, and in the absence of any finding that Transit's intention to treat the policy as being void from its inception was ever communicated to its insured, there is no support for the theory upon which the trial court based liability. However, the findings do support and direct a conclusion that Marvin D. Ward, the insured under the policy, failed to comply with a condition precedent of the policy requiring that the insured shall "immediately forward to the company every demand, notice, summons, or other process received by him or his representative." Consequently, the garnishee defendant was not indebted to Marvin Ward under the policy for damages for which Ward was liable as a result of the August 5, 1967, accident.

The judgment is reversed with instructions to dismiss the action and discharge the garnishee defendant.

FARRIS, A.C.J., and JAMES, J., concur.

Petition for rehearing denied July 5, 1972.