[No. 5401-2-III. Division Three. June 28, 1984.]

General Motors Acceptance Corporation, *Plaintiff,* v. Grange Insurance Association, *Appellant,* Craig A. Bircher, et al, *Respondents.*

*C. E. Huppin* and *Huppin, Ewing, Anderson & Hergert, P.S.,* for appellant.

*Carl Diana, Michael Hemovich, Hemovich & Nappi, Virginia Pickett, Pickett & Pickett, Dan B. Johnson,*

8

*Lucinda S. Whaley,* and *Winston & Cashatt,* for respondents.

GREEN, A.C.J.—Grange Insurance Association appeals a judgment declaring its policy covered Craig A. Bircher and the automobile he was driving which was involved in an accident on November 1, 1979. Grange Insurance contends the court erred in determining: (1) Craig was a resident of the same household as the named insured, his father Harold Bircher; and (2) the automobile was covered under the newly acquired automobile clause of the Grange policy. We affirm.

The facts are: Harold Bircher had purchased automobile insurance from Grange through the McKern Brothers Insurance Agency in Colville for approximately 20 years. When Mr. Bircher's son Craig began driving his father's car, both were covered under a Grange policy. On May 31, 1977, Craig purchased a 1975 Ford pickup truck which was added to Mr. Bircher's policy. About a year later, a 1978 Ford pickup was substituted for the 1975 pickup on the policy. The insurance premiums were increased for this pickup. While both Mr. Bircher and Craig were listed as the registered owners on the application for the change of insurance, title to the pickup was in Craig's name only.

On October 31, 1979, Craig traded the Ford pickup for a 1979 Pontiac Trans Am. The dealer attempted to notify Mr. McKern of the purchase but was unable to contact him. During the early morning hours of the next day, Craig was involved in a single car accident in which his sister Darcy was killed, he and the remaining passengers injured, and the Trans Am totally destroyed.

Thereafter, General Motors Acceptance Corporation (GMAC), which financed the purchase of the Trans Am, commenced an action against Grange, Mr. McKern (the insurance agent), and Craig Bircher to recover as loss payee. Grange counterclaimed and moved for declaratory judgment naming as additional defendants Mr. Bircher, individually and as personal representative of Darcy's

estate, Deanna Bircher, Gary Douvia Motors, Inc., Gary Douvia, the other passengers in the car at the time of the accident and Industrial Indemnity Company of the Northwest. The court declared the Grange Insurance policy was "in full force and effect" on the 1978 Ford pickup owned by Craig and this coverage extended to the newly acquired replacement vehicle, the Trans Am. Grange appeals.

First, Grange contends the court erred in finding Craig to be a resident of his father's household and therefore insured under the policy because he lived part of the time in an apartment 15 miles from his father's home. We disagree.

The policy provides:

[t]he unqualified word "insured" includes (1) such named insured and spouse, (2) children of either who are residents of the same household as the named insured, . . .

The evidence shows (1) Craig never intended to permanently move from his father's farm; (2) his mail was sent to his father's address; (3) he had his own bedroom at his father's home where he left most of his belongings; (4) he often ate his meals at the farm, spent his weekends there and regularly helped his father with the farm chores; and (5) Mr. Bircher understood Craig's move to be temporary. The court found the change in Craig's residence was temporary, Craig's relationship with his family was very close, and residency was not a factor in Grange's denial of coverage. The evidence construed in a light most favorable to the prevailing parties is sufficient to support the findings. *Ridgeview Properties v. Starbuck*, 96 Wn.2d 716, 719, 638 P.2d 1231 (1982).

■■ The court's finding that Craig was a resident of the same household as his father, Mr. Bircher, while labeled a finding of fact, is in reality a conclusion of law and must be interpreted as such. *Ridgeview Properties v. Starbuck, supra* at 719. Numerous decisions interpret the phrase "resident of the same household" in insurance policies. *Pierce v. Aetna Cas. & Sur. Co.*, 29 Wn. App. 32, 627 P.2d 152 (1981); *see generally* Annot., 93 A.L.R.3d 420 (1979);

Annot., 96 A.L.R.3d 804 (1980). One thing is clear from these decisions: The phrase has no absolute or precise meaning but varies according to the circumstances of each case, and usually if doubt exists as to coverage, the language will be interpreted against the insurance company and in favor of coverage. *American Universal Ins. Co. v. Thompson,* 62 Wn.2d 595, 599, 384 P.2d 367 (1963); *Pierce v. Aetna Cas. & Sur. Co., supra* at 36; *Hawaiian Ins. & Guar. Co. v. Federated Am. Ins. Co.,* 13 Wn. App. 7, 13, 534 P.2d 48, 93 A.L.R.3d 407 (1975).

Nevertheless, the decisions do provide some guidance for interpreting the phrase "resident of the same household" in the Grange policy. The term "resident" connotes a living arrangement with some degree of permanence, and "household" has been held to encompass residents who dwell under the same roof and compose a family. *Consumers United Ins. Co. v. Johnson,* 26 Wn. App. 795, 801, 614 P.2d 657 (1980).

> A person does not, however, have to remain physically within the household. As long as the person has some regular, permanent attachment to the family household, most courts find that person remains part of the household. . . . [T]he following are relevant factors in determining who is a resident of the same household: (1) the intent of the departing person, (2) the formality or informality of the relationship between the person and the members of the household, (3) the relative propinquity of the dwelling units, and (4) the existence of another place of lodging.

(Citations omitted.) *Pierce v. Aetna Cas. & Sur. Co., supra* at 36–38. One factor given weight in the determination is whether the person is eating and sleeping away from the family residence permanently or temporarily with the intention of returning. *Hawaiian Ins. & Guar. Co. v. Federated Am. Ins. Co., supra* at 16 (quoting *Lumbermens Mut. Cas. Co. v. Continental Cas. Co.,* 387 P.2d 104, 106 (Alaska 1963)).

Applying the above factors here: Both Craig and his father testified Craig intended his move into the nearby

town of Kettle Falls to be temporary; (2) the Bircher family was very close; and (3) and (4) the Bircher farm in Rice is approximately 15 miles from Kettle Falls where Craig had his apartment. The Kettle Falls apartment was a part–time residence since Craig ate and spent weekends at his father's farm. *See Travelers Ins. Co. v. Mixon,* 118 Ga. App. 31, 162 S.E.2d 830, 831 (1968). This evidence supports the court's conclusion Craig was a resident of his father's household.

Second, Grange contends the court erred in determining the Trans Am was a newly acquired automobile as defined in the policy:

> an automobile, ownership of which is acquired by the named insured . . . if (i) it replaces an automobile owned by either and covered by this policy, or the company insures all automobiles owned by the named insured and such spouse on the date of its delivery, and (ii) the named insured . . . notifies the company within thirty days following such delivery date; . . .

The trial court relied on *Rocky Mt. Fire & Cas. Co. v. Rose,* 62 Wn.2d 896, 385 P.2d 45, 1 A.L.R.3d 876 (1963), when it held the Grange policy provided coverage on the Trans Am.

In *Rocky Mt. Fire & Cas. Co. v. Rose, supra* at 903, the court reformed the insurance policy to provide coverage because it found a mutual mistake existed based on the fact the agent informed the insureds after the accident they were insured "by the policy as written." The court stated all the parties intended the policy to provide coverage and that "an insurance company is bound by the acts, contracts, or representations of its agent, which are within the scope of his apparent authority." *Rocky Mt.,* at 903. Likewise, here the parties intended to cover the 1978 Ford pickup and after the accident agent McKern told both Craig and Harold Bircher the Trans Am was insured. Thus, the court correctly applied *Rocky Mt. Fire & Cas. Co. v. Rose, supra,* to reform the policy and provide coverage for the Trans Am as a newly acquired automobile.

Grange argues that since the title to the 1978 Ford pickup, which was traded for the Trans Am, was in Craig's

name only, and his father, the named insured, was not a co-owner, the pickup was not insured under the policy and therefore coverage did not extend to the Trans Am. This position must be rejected. When an insurance company has received payment of the premium for insuring certain property and the property is destroyed, the company, in good conscience, cannot avoid paying the loss on a mere technicality. *Metropolitan Mortgage & Sec. Co. v. Reliable Ins. Co.*, 64 Wn.2d 98, 102, 390 P.2d 694 (1964). Once the company accepts and retains payment of the premium covering the period when the accident happened, it cannot deny coverage existed on the automobile. *Glandon v. Searle*, 68 Wn.2d 199, 204, 412 P.2d 116 (1966); *Neat v. United States Fid. & Guar. Co.*, 170 Wash. 625, 17 P.2d 32 (1932).

Here, Grange deleted the 1978 Ford pickup from its policy effective 12:01 a.m. November 1, 1979, and retained the insurance premiums paid to that time, but refunded the balance of the premium for coverage after that date. By this conduct, Grange affirmed the validity of the insurance coverage on the Ford pickup owned by Craig prior to the accident, in effect reforming the contract. Thus, Grange cannot now avoid payment on the accident. Moreover, RCW 48.18.291 provides a contract of insurance on an automobile cannot be terminated by the insurer until at least 20 days after written notice of cancellation has been mailed to the insured. Grange did not mail notice of cancellation to Craig or his father until several months after the accident.

Affirmed.

McINTURFF and THOMPSON, JJ., concur.

Reconsideration denied July 18, 1984.

Review denied by Supreme Court September 21, 1984.