156 P.3d 930 (2007)
METROPOLITAN MORTGAGE & SECURITIES CO., INC., a Washington corporation, Respondent,
v.
Frankie COCHRAN, Jr., Appellant.
No. 24587-0-III.
Court of Appeals of Washington, Division 3.
April 26, 2007.
*931 Jacke L. Blair, Steven M. Cronin, Attorneys at Law, Spokane, WA, for Appellant.
David Ernest Eash, Noel James Pitner, Ewing Anderson, P.S., Spokane, WA, for Respondent.
KULIK, J.
¶ 1 In 1989, on behalf of her then minor son, Frankie Cochran, Debra Cochran entered into a settlement agreement to resolve a personal injury claim. At the same time, Allstate Insurance Company (Allstate) and Colonial Penn Insurance Company (Colonial) executed a uniform qualified assignment, under which Allstate assigned to Colonial, the duty to pay periodic payments to Mr. Cochran under the settlement agreement. The uniform qualified assignment contained anti-assignment language. In 1998, Mr. Cochran entered into an agreement to assign his right to receive payments to Settlement Funding, L.L.C. (Settlement Funding). Settlement Funding assigned this right to Metropolitan Mortgage (Metropolitan). In 2001, when Metropolitan failed to receive payment, Metropolitan obtained a default judgment against Mr. Cochran.
¶ 2 In 2002, Metropolitan obtained a writ of garnishment against Colonial Penn Insurance Company. In response, Colonial filed a motion for summary judgment arguing that the writ should be dismissed because the assignment was invalid and Colonial had fulfilled its obligation under the qualified assignment by paying Mr. Cochran. The court denied the motion for summary judgment, concluding that Colonial could not assert a defense as long as the underlying default judgment against Mr. Cochran was valid. The court later entered a judgment on the garnishment against Colonial, directing that payment be made to Metropolitan. Colonial appeals, contending the court erred by barring Colonial's defenses. We agree that Colonial should be allowed to raise its defenses to the garnishment. We reverse and remand.

*932 FACTS
Personal Injury Settlement  Cochran and Allstate
¶ 3 In October 1989, Debra Cochran, on behalf of her minor son, Frankie Cochran, entered into a settlement agreement with Elizabeth and Robert Gibson, and Allstate Insurance Co. (Allstate) to resolve a personal injury claim. The settlement agreement provided for the disbursal of periodic payments to Mr. Cochran: $8,000 on December 11, 1998; $10,000 on December 11, 2000; and $17,000 on December 11, 2002.
Qualified Assignment  Allstate and Colonial
¶ 4 At the same time, Allstate and Colonial executed a uniform qualified assignment under which Allstate assigned to Colonial the obligation to make the periodic payments to Mr. Cochran as set forth in the settlement agreement. The qualified assignment anticipated that Colonial may fund the payments by purchasing an annuity contract. The assignment stated that "[a]ll rights of ownership and control of such annuity contract shall be and remain vested in [Colonial] exclusively." Clerk's Papers (CP) at 17. Colonial purchased an annuity in May 1991. Colonial is listed as the owner on the application. In 1991, Ms. Cochran executed an addendum to the qualified assignment.
Purchase Agreement  Cochran, Settlement Funding and Metropolitan
¶ 5 In June 1998, Mr. Cochran entered into a purchase and sale agreement (purchase agreement) with Settlement Funding, L.L.C. whereby he purportedly assigned to Settlement Funding, his right to receive the periodic payments. Settlement Funding then assigned all of its rights, title, and interest to Metropolitan.
Payments from Colonial
¶ 6 In September 1998, Mr. Cochran wrote a letter to Colonial requesting a change of address so that the payments could be sent to his new address in Michigan. In order to process this request, Colonial asked Mr. Cochran to sign an affidavit stating that he would not attempt to accelerate, anticipate, sell, assign, or encumber any periodic payment owed. Mr. Cochran complied, and sent the notarized affidavit to Colonial.
¶ 7 Metropolitan received the periodic payment of $8,000, due on December 11, 1998.
Metropolitan v. Cochran
¶ 8 In June 2001, Metwest Mortgage Services, Inc. (Metwest) sent Colonial a notice of assignment advising that Mr. Cochran had assigned his payments to Metropolitan. Metropolitan did not receive the periodic payment due December 11, 2000. Shortly thereafter, Metropolitan filed suit against Mr. Cochran and obtained a default judgment. Metropolitan did not sue Colonial or provide notice to Colonial of the action against Mr. Cochran.
Garnishment  Metropolitan v. Colonial
¶ 9 In May 2002, Metropolitan obtained a writ of garnishment listing Conseco Direct Life Insurance Company (also known as Colonial Penn Insurance Company), and Colonial Penn Insurance Company as garnishees. The insurance commissioner of the state of Washington accepted service and proof of service was filed with the superior court for Spokane County.
¶ 10 In December 2002, Colonial sent a check for $17,000 to Mr. Cochran, who subsequently cashed the check. In June 2003, Metropolitan obtained a default judgment against Colonial Penn. In August 2003, Colonial filed a motion to set aside the default judgment. In January 2004, Metropolitan agreed to vacate the default judgment in the garnishment action.
¶ 11 Colonial filed a motion for summary judgment. Colonial argued that the writ of garnishment must be dismissed because: (1) the purported assignment of Mr. Cochran's settlement payments contravened law enforcing contractual anti-assignment provisions; (2) Colonial had fulfilled its obligation with respect to the qualified assignment; (3) Mr. Cochran could not enforce an invalid contract through the writ process because he is not the owner of the annuity; and (4) the attempted assignment was invalid because it *933 materially increased Colonial's obligations, risks, and burdens.
¶ 12 The trial court denied the motion for summary judgment, concluding that Colonial could not assert any defense as long as the underlying default judgment against Mr. Cochran was valid. Metropolitan filed a motion to direct the garnishee to make payment. The court entered a garnishment judgment against Colonial, directing that payment be made to Metropolitan. Colonial appeals the order directing payment to Metropolitan.

STANDARD OF REVIEW
¶ 13 Colonial appeals the garnishment judgment, contending the court erred by precluding Colonial's defenses. The issues for the court to consider are issues of law which are reviewable de novo. Gildon v. Simon Prop. Group, Inc., 158 Wash.2d 483, 493, 145 P.3d 1196 (2006).

ANALYSIS
1. Did the court err by denying Colonial the right to assert its defenses in the garnishment proceeding?
¶ 14 A garnishment proceeding is ancillary to the principal action between the creditor and the debtor. Bour v. Johnson, 80 Wash.App. 643, 648, 910 P.2d 548 (1996) (quoting N. Sea Prods., Ltd. v. Clipper Seafoods Co., 92 Wash.2d 236, 239, 595 P.2d 938 (1979); RCW 6.27.060). The garnishing creditor has no greater rights than those of the debtor. James v. Ward, 6 Wash.App. 915, 918, 496 P.2d 555 (1972).
¶ 15 In the principal action, Metropolitan obtained a default judgment against Mr. Cochran. In its findings of fact and conclusions of law, the court stated that the purchase and sale agreement and the assignment to Metropolitan Mortgage were valid and enforceable. Later, Metropolitan obtained a writ of garnishment. When Colonial failed to respond, Metropolitan obtained a default judgment. But Metropolitan later agreed to vacate the default judgment, and Colonial filed an answer.
¶ 16 Metropolitan argues that Colonial cannot challenge the garnishment order because the relevant issues were addressed in the underlying action. Metropolitan also asserts that Colonial should have joined that action and taken an active part in litigating those issues. In Metropolitan's view, Colonial ignored the process and judgment in the underlying proceeding, and ignored every opportunity to protect its interests. In response, Colonial argues that it was an indispensable party to the underlying judgment and that it had a right to notice of the proceeding and a right to participate in the proceeding.
¶ 17 A necessary party is one who "has sufficient interest in the litigation that the judgment cannot be determined without affecting that interest or leaving it unresolved." Harvey v. Bd. of County Comm'rs, 90 Wash.2d 473, 474, 584 P.2d 391 (1978). An indispensable party is one without whose presence and participation a complete determination of the case may not be made. Lindberg v. Kitsap County, 133 Wash.2d 729, 744-45, 948 P.2d 805 (1997).
¶ 18 The doctrine of indispensability is not jurisdictional and, instead, is based on equitable considerations. Id. Ordinarily, the failure to join an indispensable party warrants dismissal. Cathcart-Maltby-Clearview Cmty. Council v. Snohomish County, 96 Wash.2d 201, 207, 634 P.2d 853 (1981). The label of "indispensable" is attached only after deciding that the action cannot proceed without the missing party.
¶ 19 Colonial contends that it was an indispensable party to the proceeding filed against Mr. Cochran by Metropolitan to enforce Metropolitan's contractual right to the periodic payments Metropolitan purchased from Mr. Cochran. But Colonial was not in privity to the contract between Metropolitan and Mr. Cochran. Consequently, Colonial was not an indispensable party to the proceeding filed against Mr. Cochran by Metropolitan. Moreover, party indispensability was not raised in the underlying action and no attempts were made to join Colonial to the action.
*934 ¶ 20 Metropolitan points out that, in the underlying action, the court determined that the purchase and sale agreement and the assignment to Metropolitan were valid. Generally, the doctrine of collateral estoppel, or issue preclusion, prevents a party from relitigating issues that have been raised and litigated by the party in a prior proceeding. Reninger v. Dep't of Corr., 134 Wash.2d 437, 449, 951 P.2d 782 (1998). Collateral estoppel promotes judicial economy and prevents inconvenience. Id.
¶ 21 A four-part test is used to determine whether a previous litigation should be given collateral estoppel effect in a subsequent action. Hence, the party asserting collateral estoppel must prove: (1) the issue decided in the prior adjudication is identical to the one presented in the current action; (2) the prior adjudication must have resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) precluding relitigation of the issue will not work an injustice on the party against whom collateral estoppel is to be applied. State v. Harrison, 148 Wash.2d 550, 561, 61 P.3d 1104 (2003).
¶ 22 Metropolitan cannot meet the four-part test. Metropolitan cannot show that Colonial was a party or in privity with a party to the prior adjudication and that precluding the issue will not work an injustice on Colonial. Collateral estoppel does not bar Colonial from asserting its defenses in the garnishment proceeding. As a result, the court erred by precluding Colonial's defenses. This matter is remanded to the trial court so that Colonial's defenses can be heard. Given our decision, we need not reach other issues raised by Colonial.

ATTORNEY FEES
¶ 23 Metropolitan seeks attorney fees pursuant to RCW 6.27.230, which provides for attorney fees to the prevailing party when the answer is controverted. Metropolitan's request for attorney fees is denied because Metropolitan is not the prevailing party.
¶ 24 We reverse, remand, and deny the request for attorney fees.
WE CONCUR: SWEENEY, C.J., and BROWN, J.