17449

Frances PHARR, Respondent, v. CANAL INSURANCE COMPANY, Appellant. Charles W. PHARR, Respondent, v. CANAL INSURANCE COMPANY, Appellant. C. E. WARREN, Respondent, v. CANAL INSURANCE COMPANY, Appellant. Rufus SMITH, Respondent, v. CANAL INSURANCE COMPANY, Appellant.

(104 S. E. (2d) 394)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-
ville, *for Appellant,*

*Messrs. Thomas A. Wofford* and *Herman E. Cox,* of Greenville, and *Walker & Brown,* of Ridgeland, *for Respondents,*

July 15, 1958.

Moss, Justice.

Canal Insurance Company, the appellant herein, did, on September 27, 1951, issue to Roosevelt Bush an automobile liability policy covering one Ford truck, with limits of liability as to bodily injuries of $5,000.00 for each person and $10,000.00 for each accident. Canal Insurance Com-

pany agreed to pay in behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injuries sustained by any person caused by accident and arising out of the ownership and maintenance or use of the insured truck. While the policy was in full force and effect, Roosevelt Bush, the insured, on July 2, 1952, while driving the insured truck, was involved in an automobile accident resulting in injuries to Frances Pharr, Charles W. Pharr, C. E. Warren and Rufus Smith, the respondents herein. We assume, for the purpose of this appeal, that the insured was guilty of negligence in the operation of his said truck.

Each of the respondents commenced an action against Roosevelt Bush on October 24, 1953. The attorneys for the respondents contacted the appellant and advised it of the pending claims. Pursuant to this notice, the appellant employed the law firm of Dowling & Dowling of Beaufort, South Carolina, to represent Bush, the insured. These attorneys requested, and the attorneys for the respondents granted an indefinite extension of time in which to answer, or otherwise plead to the complaints. The appellant, through its counsel, made several unsuccessful attempts to contact Roosevelt Bush, the insured. These efforts were by personal visits to the home of the insured and by letter.

The appellant did on March 22, 1954, institute an action in the Court of Common Pleas for Jasper County, South Carolina, against Roosevelt Bush, the insured. This action was based upon the grounds that Roosevelt Bush had failed to co-operate as required by the insurance contract. The appellant asked for declaratory relief upon this issue. Roosevelt Bush defaulted. The respondents herein were not made parties to this action for a declaratory judgment. The record shows that on April 28, 1954, a declaratory judgment was rendered, which determined that the appellant, Canal Insurance Company, was not legally obligated to defend the actions pending against Roosevelt Bush, nor to pay any sum which the said Roosevelt Bush might become obligated to pay by

reason of the actions of the respondents then pending against him. Counsel for the appellant, upon the rendition of the declaratory judgment in its favor, withdrew their appearances in the actions which the respondents had instituted against Bush, and notified counsel for the respondents of such action.

After the appellant had obtained a declaratory judgment against Bush, the insured, and had withdrawn its appearance in the actions pending against Bush by the respondents, the Court of Common Pleas for Jasper County, South Carolina, rendered judgment against Bush in favor of the respondents herein. Thereafter, demand was made by the respondents' counsel that the appellant pay these judgments. The appellant refused, and after nulla bona returns had been made upon executions issued by the respondents against Bush, the insured, these actions were instituted by the respondents against the appellant in Jasper County. A change of venue was granted from Jasper County to Greenville County, South Carolina.

It was stipulated by counsel for all parties that the complaint in the case of Frances Pharr, one of the respondents herein, and the answer of the appellant, would serve as the pleadings to be used by this Court in rendering a decision which shall be effective and binding in the four pending cases.

The complaint alleges that the appellant issued and delivered to Roosevelt Bush the automobile liability policy hereinabove referred to, and that such was in full force and effect on the date of the accident by which the respondent suffered injury. It was further alleged that the appellant agreed to pay all damages caused by the negligent operation and use of the insured's truck, and that on July 2, 1952, the respondent was damaged by the negligent operation of the said truck by Roosevelt Bush, the insured. It is then alleged that the respondent brought action against Roosevelt Bush in the Court of Common Pleas for Jasper County, South Carolina, and recovered a judgment against the insured for

the sum of $20,000.00, based upon the negligence of the insured in the operation of the insured's truck. It was then alleged that to the extent of $5,000.00, the appellant Insurance Company is liable to the said respondent, pursuant to the terms of the automobile liability policy, issued by it to Roosevelt Bush.

The appellant filed an answer asserting as defenses to said action, a general denial; the declaratory judgment appellant secured against Bush; that there was no privity of contract between the respondent and appellant; and that the insured had failed to co-operate with the appellant, thereby relieving the appellant of any liability under the terms of the automobile liability policy.

These cases were tried before the Honorable J. Robert Martin, Jr., Resident Judge of the Thirteenth Judicial Circuit, and resulted in directed verdicts in favor of the respondents for the amounts prayed for in their respective complaints. The appellant also made a motion for nonsuit and directed verdict on the grounds of the defenses which were set forth in its answer, to which reference has hereinbefore been made.

The cases are before this Court upon a number of exceptions and raise four questions. (1) Was the declaratory judgment obtained by the appellant, which adjudicated that Bush had failed to comply with the terms of the insurance contract, a bar to the present actions? (2) Was there privity of contract between the respondents and the appellant? (3) Was there error in failing to direct a verdict in favor of the appellant on the ground that the evidence showed a breach of the insurance contract by Bush, or in the alternative, should this question have been submitted to the jury for determination? (4) Was there error on the part of the trial Judge in holding that the respondents had met the required burden of proof, and in directing a verdict in favor of the respondents?

The appellant asserts that the declaratory judgment obtained by it, which adjudicated that the insured had failed to comply with the terms of the insurance contract, was a bar to the present actions. The appellant sought to offer in evidence the declaratory judgment roll but the trial Judge refused to allow its introduction in support of the appellant's defense that the declaratory judgment was a bar to these actions. The appellant also asserts that the court permitted respondents to make a collateral attack upon the declaratory judgment of the Court of Common Pleas for Jasper County.

Section 10-2003 of the 1952 Code of Laws of South Carolina, which is one section of the "Uniform Declaratory Judgments Act", provides that:

"Any person interested under a  *  *  *  written contract or other writings constituting a contract or whose rights, status or other legal relations are affected by a *  *  *  contract  *  *  *  may have determined any question of construction or validity arising under the * * * contract  *  *  *  and obtain a declaration of rights, status or other legal relations thereunder."

Section 10-2004 of said Act provides:

"A contract may be construed either before or after there has been a breach thereof."

It is provided in Section 10-2008 of said Act that:

"When declaratory relief is sought all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.  *  *  *"

In the case of *Bank for Savings & Trust v. Towe,* 231 S. C. 268, 98 S. E. (2d) 539, 545, we said:

"*  *  *  It is also provided in Section 10-2008 of the Code that when declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. *  *  *"

In *Bailey v. United States Fidelity & Guaranty Co.,* 185 S. C. 169, 193 S. E. 638, 641, the Insurance Company issued to one Thomas an automobile liability policy by which it agreed to pay all sums which the assured shall become liable to pay for damages imposed upon him by law for bodily injury, caused by the ownership, maintenance or use of the automobile described in the policy. There was excluded from liability injury which occurs when the automobile was driven by one under fourteen years of age. It appears that on March 7, 1936, while the automobile of the insured was being operated by his son, a minor under the age of fourteen years, Dozier Bailey was injured. Action was brought by the Company against Thomas to have the policy declared void because of the violation of its terms, and the Company sought to be released of all liability to the insured by reason of an accident in which Bailey was injured. Bailey was not made a party to this action for a declaratory judgment and Thomas did not answer the complaint. The court entered a declaratory judgment in favor of the Insurance Company. Thereafter, Bailey obtained a judgment against Thomas for the injury sustained in the accident and then sued the Company on that judgment under the provisions of the liability insurance policy. The Company relied upon the judgment theretofore obtained by it in its declaratory action against Thomas and moved for a directed verdict. The motion was overruled and judgment entered against the Insurance Company. In sustaining that judgment and commenting upon the defense of *res adjudicata,* this Court said:

"The other question presented and argued is whether the plaintiff's rights are barred by the declaratory judgment obtained by the insurance company against Thomas, the insured. The appellant contends that this question should be answered in the affirmative for the reason, as stated by its counsel, that Bailey's rights were derived by him through the insured, and that he was, therefore being in privity with the insured, bound by such judgment, although he was not made a party to the action in which it was obtained.

"It is not denied that the policy in question is one for indemnity against liability and not indemnity against loss. 'In the former case the insurer's obligation becomes fixed when liability attaches to the insured. In the latter case the insurer's liability does not attach until loss has been suffered, that is, when the insured has paid the damages.' I Joyce on Insurance (2d Ed.), § 27b.

"As already stated, the declaratory judgment against Thomas was obtained by the company after the accident in which the plaintiff, Bailey, was injured and after his rights as a third party had accrued, and in a suit to which he was not made a party. The trial judge held that, in this situation, the plaintiff's rights were not barred by such judgment.

"An examinaton of the record before us, in which is included what was done in the proceeding for the declaratory judgment, convinces us that the conclusion reached by the court below is correct. In Black on Judgments, Volume 2, page 637, the following definition of privies is approved: 'Privies are those who are so connected with the parties in estate, or in blood, or in law, as to be identified with them in interest, and consequently to be affected with them by the litigation, as lessor and lessee, heir and ancestor, executor and testator. All others not included in either of these classes are of course strangers.'

"It seems clear from the above definition of privies, and from our examination of other authorities in reference thereto, that Bailey, under the admitted facts of this case, does not come within any class of those above defined as privies. It appears therefore that no privity exists between the respondent and Thomas, the insured, as contended by the appellant, which would give to the declaratory judgment against Thomas alone the effect of barring the rights of Bailey. In any event, Bailey would not be a privy, in the sense that he would be bound by the judgment, unless his rights had accrued after the rendition thereof; if rights are acquired by a person, as by the respondent in the present

case, before that fact, such person is not bound unless made a party to the action. 2 Black on Judgments, 654."·

In *Johnston-Crews Co. v. Folk,* 118 S. C. 470, 111 S. E. 15, 17, this Court said:

"The following have been declared to be the essential elements of *res adjudicata*: (1) Identity of the parties; (2) identity of the subject-matter; (3) an adjudication in the former suit of the precise question sought to be raised in the second suit. *Hart v. Bates,* 17 S. C. 35."

We conclude that the declaratory judgment obtained by the appellant was not *res adjudicata* in this case for the reason that the declaratory judgment act specifically provides that "No declaration shall prejudice the rights of persons not parties to the proceeding." The identity of parties necessary to *res adjudicata* is missing. If the respondents had been parties to the declaratory action proceeding, they, of course, would have been bound by the judgment there obtained. Since they were not parties thereto nor were they in privity with any party thereto, they are not bound by the judgment there obtained.

The next question for determination is whether there was privity of contract between the respondents and the appellant.

The liability policy here involved, which was issued by the appellant to Roosevelt Bush, provided in Section 10 thereof as follows:

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy

to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability.

"Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder."

It appears from the foregoing provision of the liability policy that no action can be brought against the insurer until the amount of the insured's obligation shall have been finally determined by a judgment against the insured, and then, that any person securing such judgment shall be entitled to recover under the policy to the extent of the insurance afforded thereby. This provision of the contract is for the benefit of the injured party who can exercise the rights therein given by compliance with the conditions stated in this paragraph of the contract. This Court has held in numerous cases that a contract between two persons for the benefit of a third, even though such third party be not named therein, can be enforced by such third party. *Wise v. Picow*, 232 S. C. 237, 101 S. E. (2d) 651, and the cases therein cited.

In the case of *Dransfield v. Citizens Casualty Co.*, 5 N. J. 190, 74 A. (2d) 304, 306, 18 A. L. R. (2d) 887, the New Jersey Supreme Court said:

"* * * While the injured person has no greater right under the policy than has the assured, he has 'a cause of action the moment he is injured' which ripens into a right of action when he recovers a judgment against the assured whose insolvency is proved by the return of an execution unsatisfied. And the operator of the vehicle, while so engaged, 'qualified as an insured, and upon the happening of the accident the assurance to him became an independent liability, independent of the underwriters' responsibility to the named insured; and 'the protection of the policy vested

in him and insured' to the injured person 'as beneficiary as completely as if' the unnamed assured 'had been a named assured.' * * *"

In the case of *Severson v. Milwaukee Automobile Ins. Co.,* 265 Wis. 488, 61 N. W. (2d) 872, 875, 42 A. L. R. (2d) 976, we quote the language used by the Wisconsin Supreme Court, which expresses our views upon the question now being considered:

"The defendant next contends that there is no privity of contract between the plaintiff and the defendant insurance company, and therefore the plaintiff cannot sue the defendant directly. The plaintiff cites the case of *Tweeddale v. Tweeddale,* 116 Wis. 517 [526], 93 N. W. 440, 443, 61 L. R. A. 509. That case holds:

" 'Without further discussion of the matter we adhere to the doctrine that where one person, for a consideration moving to him from another, promises to pay to a third person a sum of money, the law immediately operates upon the acts of the parties, establishing the essential of privity between the promisor and the third person requisite to binding contractual relations between them, resulting in the immediate establishment of a new relation of debtor and creditor, regardless of the relations of the third person to the immediate promisee in the transaction; that the liability is as binding between the promisor and the third person as it would be if the consideration for the promise moved from the latter to the former and such promisor made the promise directly to such third person, regardless of whether the latter has any knowledge of the transaction at the time of its occurrence; that the liability being once created by the acts of the immediate parties to the transaction and the operation of the law thereon, neither one nor both of such parties can thereafter change the situation as regards the third person without his consent. * * *' "

When the respondents offered evidence to show that the appellant issued the liability policy herein sued upon, that such was in force at the time of the injury to the respondents; that they had recovered a final judgment against the insured; that an execution against the insured had been returned *nulla bona,* and a demand upon and a refusal to pay the injured party by the insurer, a *prima facie* case had been made out. In this connection, see 85 A. L. R. 49, 106 A. L. R. 524, 54 Am. Jur., Auto Insurance, par. 184, page 179. We conclude that there was privity of contract between the respondents and the appellant. Hence, the respondents had the legal right to maintain their actions against the appellant herein.

The appellant also asserts that the burden was upon the respondents to prove compliance by the insured with the terms and provisions of the insurance contract, upon which their respective actions are predicated. The insurance contract provides that no action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of the policy.

The appellant set up as a defense to the respondents' action that the insured had violated the terms and conditions of the insurance contract in that when suit was brought against him he did not forward to the company the summons and complaint. The appellant also alleged that the insurance contract provided that the insured should cooperate with the company, but that he did not perform this condition of the insurance contract. It is then alleged by reason of the violation and breach of the foregoing conditions of the policy contract, the appellant was not liable to the respondents herein.

The burden of proof is upon the insurer to show that the insured has failed to perform the terms and conditions invoked upon him by the policy contract. In the case of *Shipp v. Connecticut Indemnity Co.,* 194 Va. 249, 72 S. E. (2d) 343, 348, it is said:

"Whether or not in a particular instance the insured has failed to give the cooperation contemplated by the policy is ordinarily a question of fact. Blashfield, Automobile Law, Perm. Ed., Vol. 6, p. 413.

"Upon that issue the insurer has the burden of proof. *Indemnity Insurance Co. of North America v. Davis' Adm'r,* 150 Va. 778, 143 S. E. 328; *MacClure v. Accident & C. Ins. Co.,* 229 N. C. 305, 49 S. E. (2d) 742; Annotations, 72 A. L. R. at page 1453, 98 A. L. R. at page 1468, 139 A. L. R. at page 777."

See, also, in this connection the cases of *General Casualty & Sur. Co. v. Kierstead,* 8 Cir., 67 F. (2d) 523; *Fidelity & Guaranty Co. v. Snite,* 106 Fla. 702, 143 So. 617; *Pennsylvania Threshermen & Farmers Mut. Cas. Ins. Co. v. Owens,* 4 Cir., 238 F. (2d) 549; *Huguenin v. Continental Casualty Co.,* 94 S. C. 138, 77 S. E. 751, and *Frierson v. United States Cas. Co.,* 100 S. C. 162, 84 S. E. 535.

The burden of proof is also upon the insurer not only to prove a breach of the co-operation clause, but in addition, that the insurer was substantially prejudiced in the particular case by the failure to cooperate. *American Fire & Casualty Co. v. Vliet,* 148 Fla. 568, 4 So. (2d) 862, 139 A. L. R. 767. See, also, the Annotations in 34 A. L. R. (2d) 264 and 72 A. L. R. 1446.

The third and fourth questions above stated are considered together. Was the trial Judge correct in directing a verdict for the respondents, or should he have directed a verdict for the appellant; or should he have submitted the question of co-operation to the jury for its determination.

The appellant suggests that the insured violated the provisions of the insurance contract, which provides that if suit is brought against the insured that he shall immediately forward to the company the summons or other process received by him. On October 24, 1953, each of the respondents herein commenced an action against Roosevelt Bush. The attorneys for the respondents sent copies of the suit

papers, in each of the cases, to the adjuster, who forwarded them to the appellant. In the case of *Royal Indemnity Co. v. Morris,* 9 Cir., 37 F. (2d) 90, it was held that the failure of the insured to forward copies of the summons and complaint to the insurer was no defense to recovery on the policy where the insurer was given timely notice by the mailing to it of a copy of the summons and complaint by the plaintiff in the action.

The appellant charges that the insured, Roosevelt Bush, had failed to co-operate with it. The clause of the policy, under which the insured is charged with having refused to co-operate with the appellant, is as follows:

"The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. * * *"

There can be no doubt that it was the duty of Roosevelt Bush to co-operate and assist the appellant in making any fair and legitimate defense to the actions pending against the insured. It was, likewise, the duty of the insured, upon the insurer's request, to assist in effecting settlement, securing and giving evidence and doing whatever was reasonably necessary to afford the insurer an opportunity to defend and to protect itself and the insured in all of their rights against the respondents. The insured, of course, could not arbitrarily or unreasonably decline to assist in making any fair and legitimate defense. Certainly, the insurer had a right to confer with the insured in order to ascertain the facts upon which the injured parties assert their claims, so that the insurer might determine whether it should contest or attempt to settle the claims. It was the duty of the insured to give to the insurer any information that was within his knowledge touching any questions of fact that might be involved in these several lawsuits.

The collision, which resulted in injury to the respondents, occurred on July 2, 1952. The insured gave a signed state-

ment to a representative of the appellant on July 9, 1952. It appears that from the time of the accident in the summer of 1952 until the fall of 1953, these cases were dormant, with the exception that there were some negotiations carried on by the attorneys for the respondents with a representative of the appellant. On October 24, 1953, each of the respondents commenced an action against Roosevelt Bush, the insured. The appellant, on November 10, 1953, retained the services of Dowling & Dowling, Attorneys of Beaufort, South Carolina, to represent the interest of the insured and the insurer. These attorneys obtained from counsel for the respondent a general extension of time within which to answer, or otherwise plead to the complaints.

G. G. Dowling, of the firm of Dowling & Dowling, wrote Bush in November, 1953, and asked him to meet him at the courthouse in Ridgeland, South Carolina, during the ensuing term of court, which was to be held in December, 1953. Bush made no response to this letter, nor did he meet the attorney as requested. Mr. Dowling discussed the matter with Mr. Brown, of counsel for the respondents, and together with Nick Barker, they went to the home of Bush, who lived in a remote section of Jasper County. They found Bush at home and he was advised by Mr. Dowling that he represented his insurance carrier and that he would be in further touch with Bush. Thereafter, on about December 15, 1953, Mr. Dowling wrote Bush, advising him that the attorney would call on the insured at his home at a certain time. With this letter there was enclosed a self addressed envelope telling the insured to write the attorney a note if he would not be there. Mr. Dowling heard nothing from Bush and went to the home of Bush at the appointed time and found no one at home. Mr. Dowling left a note and returned to his office. In January, 1954, Mr. Dowling directed another letter to Bush, again advising him that he would be at the insured's home at a certain hour on a certain day and requested that Bush let him know by telephoning collect to Dowling's office in Beaufort, if Bush was not going to be

at home. He heard nothing from Bush and Mr. Dowling went to the home of the insured at the hour and on the day set out in the letter. Again he found no one at home and he left a note asking Bush to get in touch with him. On two occasions following the foregoing unsuccessful attempts to contact Bush at his home, Mr. Dowling wrote Bush requesting that he get in touch with him. There was no response to these letters. The appellant concluded from the foregoing action, or lack of action, on the part of the insured, that he was refusing to co-operate with it. Thereupon, counsel for the appellant withdrew their appearance in the actions which the respondents had instituted against Bush. Notice thereof was given to counsel for the respondents and to the insured.

We think that the evidence above summarized was sufficient to present the question for the jury's determination as to whether the insured had co-operated with the insurer. Whether an insured, under an automobile liability policy, has failed to co-operate with the insurer in the defense of claims and suits, as required by the policy, and whether such failure to co-operate has operated to the substantial prejudice of the insurer, are questions for the jury; *Meehan v. Commercial Casualty Ins. Co.*, 166 S. C. 496, 165 S. E. 194; *Walker v. New Amsterdam Casualty Co.*, 157 S. C. 381, 154 S. E. 221, unless there can be but one reasonable inference from the evidence, *Tucker v. State Farm Mut. Auto. Ins. Co.*, S. C., 103 S. E. (2d) 272.

We conclude that the trial Judge was in error in directing a verdict for the respondents, and in refusing to submit the question of whether the insured had co-operated with the insurer, to the jury for its determination. We also conclude that the trial Judge was correct in refusing the motion of the appellant for a directed verdict in its favor.

Reversed and remanded for a new trial.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.