19039

The TRAVELERS INDEMNITY COMPANY, Respondent, v. CANAL INSURANCE COMPANY, Appellant

(173 S. E. (2d) 656)

*Messrs. Robert F. Plaxco and Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant,*

*Messrs. William B. Price and Price & Poag,* of Greenville, *for Respondent,*

April 10, 1970.

BRAILSFORD, Justice.

Under the medical payment coverage of an insurance policy issued to one Jack B. Sanders, The Travelers Indemnity Company made payments totaling $1,005.00 to occupants of the Sanders vehicle, who were injured in a collision with an automobile operated by one Furman Wilkes, Jr. Travelers notified Canal Insurance Company, Wilkes' liability carrier, of its subrogation claim against Wilkes. Disregarding this notice, Canal compromised and settled the tort claims asserted against Wilkes by the injured persons and took from them a release purporting to discharge Wilkes from further liability arising out of the collision. Thereupon Travelers brought this action against Canal alone to recover the amount of its subrogation claim. This is an appeal by Canal from a judgment in favor of Travelers.

The policy issued by Canal to Wilkes contains the standard "no action clause" which provides that no action shall lie against the company unless, as a condition precedent thereto, "the amount of the obligation of the insured to pay shall have been finally determined by either judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company." The sole issue on appeal is whether the court erred in failing to sustain Canal's plea of this policy provision as a bar to the action.

Admittedly, there has been no compliance with this condition of the policy. No judgment has been obtained against Wilkes, and no agreement determining the amount of his liability has been signed by anyone. The compromise settlement was not an admission of liability. The releases stipulated that Wilkes had compromised a doubtful and disputed claim but expressly denied liability.

In awarding judgment to Travelers, the circuit court regarded *Calvert Fire Insurance Company v. James,* 236 S. C. 431, 114 S. E. (2d) 832 (1960), as controlling. But that case did not involve the "no action" clause of a liability insurance policy. It was an action by a subrogee insurer against a tort-feasor who had settled with the injured party after notice of the insurer's subrogation claim. The decision stands for the proposition that a release procured by a tort-feasor under these circumstances will not defeat the insurer's right of subrogation.

In two rather recent decisions we have recognized that the policy provision relied upon by Canal "makes it a condition precedent to the commencement of an action against the Company that the amount of any claim or loss shall first be fixed and rendered certain either by judgment against the insured or by agreement between the parties with the written consent of the Company." *Sexton v. Harleysville Mut. Cas. Co.,* 242 S. C. 182, 188, 130 S. E. (2d) 475, 478 (1963). See also *Pharr v. Canal Ins. Co.,* 233 S. C. 266, 275, 104 S. E. (2d) 394, 399 (1958). This is in accord

with the plain language of the contract and with numerous decisions by courts of other jurisdictions. 7 Am. Jur. (2d), Automobile Insurance, Sec. 219 (1963).

By coincidence Canal was the liability insurer involved in *Pharr,* and section 10 of its policy was quoted in full in the opinion. It appears therefrom that the same section which confers on an injured person the right to recover on the policy, to the extent of the insurance afforded by it, imposes the condition precedent that no action shall lie against the insurer unless such person shall have secured a judgment or agreement as described in the policy.

Travelers' fear that to sustain the defense in this case will put it in the power of liability insurers to destroy subrogation rights of other insurers by making private settlements and obtaining general releases is unfounded. The principle adopted in *Calvert Fire Insurance Company v. James, supra,* 236 S. C. 431, 114 S. E. (2d) 832 (1960), adequately protects such rights. A release taken from an injured party in behalf of an alleged tort-feasor by a liability insurance carrier, which is this case, would be no more effective against a subrogation claim than is a release taken by the tort-feasor himself, which was the *Calvert* case. Nor after such a settlement would a subrogee who had paid less than the injured party's loss be precluded by the rule against splitting a cause of action from suing the tort-feasor in its own name. The rule of reason is that "the 'indivisibility' rule may not be invoked against the subrogee where the subrogor has parted with all beneficial interest in the right of action, (citations omitted)." 236 S. C. at 436, 114 S. E. (2d) at 835.

The failure of Travelers to comply with this condition precedent is a bar to this action on the policy, and the defense should have been sustained.

Reversed.

Moss, C. J. and Lewis, Bussey and Littlejohn, JJ., concur.