**AID INSURANCE COMPANY (MUTUAL), Appellee,**

v.

**Wesley Marvin CHREST and Frederick D. Herman, Appellants.**

**No. 68689.**

Supreme Court of Iowa.

July 20, 1983.

Dee A. Runnels of Coyle, Gilman & Stengel, Rock Island, Illinois, for appellant Herman.

J.R. Sokol of Sokol & Sokol, Maquoketa, for appellant Chrest.

David E. Schoenthaler of Schoenthaler, Roberg & Bartelt, Maquoketa, for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, SCHULTZ, CARTER and WOLLE, JJ.

McCORMICK, Justice.

The question here concerns issue preclusion. Plaintiff Aid Insurance Company sought a declaratory judgment that it had no duty to defend or indemnify its insured Wesley Marvin Chrest in an action brought by Frederick D. Herman against Chrest arising from a shooting incident at Chrest's home. AID's homeowners policy excluded coverage for bodily injury "which is either expected or intended from the standpoint of the Insured." After trial of the declaratory judgment action, a jury returned special verdicts finding that the injury to Herman was neither expected nor intended by Chrest. Upon AID's motion for judgment notwithstanding the special verdicts, the trial court held, however, that both Chrest and Herman were precluded from asserting coverage because of Chrest's conviction upon his plea of guilty to a charge of assault with intent to commit murder in violation of Iowa Code section 690.6 (1977). Declaratory judgment was accordingly entered for AID. We affirm on Chrest's appeal and reverse and remand on Herman's appeal.

The shooting incident occurred at Chrest's home in Sabula on September 22, 1977. Chrest had been drinking and was armed with a .22 caliber rifle. His family called the police because of fear he might

hurt himself or someone else. Herman is a state trooper who assisted the police in trying to persuade Chrest to come out of the house. Chrest fired the rifle through a window of the house and the bullet struck Herman in the head, causing serious injury.

Subsequently Chrest was charged with assault with intent to commit murder. He entered a plea of guilty to the charge and was sentenced. Herman separately sued Chrest for damages based on the shooting, first on a theory of intentional tort but later on a theory of negligence. AID brought the present declaratory judgment action to obtain an adjudication concerning its duty to defend and indemnify Chrest in Herman's lawsuit. When the jury returned its special verdicts finding that the injury was neither expected nor intended by Chrest, the court entered judgment for defendants on the coverage issue. Then AID moved for judgment notwithstanding the verdict pursuant to Iowa R.Civ.P. 243, relying on this court's decision in *Ideal Mutual Insurance Co. v. Winker*, 319 N.W.2d 289 (Iowa 1982). When the trial court sustained the motion and entered judgment of non-coverage for AID, defendants appealed.

AID asserted issue preclusion against defendants for the first time in its motion for judgment notwithstanding the verdict. Defendants did not object to the timeliness of the assertion or the procedure through which it was urged. Because the question appears to have been tried by consent and does not involve the trial court's jurisdiction, we do not address either the timeliness or procedural issues. Instead we turn our decision on applicability of the doctrine of issue preclusion.

Before issue preclusion may be employed in any case, four prerequisites must be established: "(1) the issue concluded must be identical; (2) the issue must have been raised and litigated in the prior action; (3) the issue must have been material and relevant to the disposition of the prior action; and (4) the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment." *Hunter v. City of*

*Des Moines,* 300 N.W.2d 121, 123 (Iowa 1981). The doctrine is available when the parties in each action are the same. In addition, it is available defensively when the party against whom the doctrine is invoked was so connected in interest with one of the parties in the former action as to have had a full and fair opportunity to litigate the relevant claim or issue and be properly bound by its resolution. *Id.* It is available offensively in the circumstances delineated in *Restatement (Second) of Judgments* § 88 (Tent.Draft No. 2 1975). *Hunter,* 300 N.W.2d at 125. It is not available offensively when the defending party lacked full and fair opportunity to litigate the issue in the first action. *Id.*

In *Winker,* the court held that the second prerequisite for issue preclusion is satisfied by a guilty plea entered in accordance with the requirements of law, even though actual litigation does not occur. *See* 319 N.W.2d at 296. The plea precludes relitigation in a subsequent civil action of all issues necessarily determined by the conviction. *Id.* at 294. This includes the essential elements of the crime. *Id.* at 296.

AID invoked issue preclusion offensively in the present case in an effort to establish the applicability of the exclusionary provision of its homeowners policy against both Chrest and Herman. A specific intent to kill another person was an essential element of assault with intent to commit murder under Iowa Code section 690.6 (1977). *State v. Barney,* 244 N.W.2d 316, 318 (Iowa 1976). No dispute exists that Chrest's guilty plea was taken in compliance with law. Each defendant, however, contends issue preclusion was unavailable to AID in the facts of this case. Because their arguments differ, we treat them separately.

I. *Chrest's appeal.* Chrest seeks to distinguish *Winker* by asserting his guilty plea was motivated by a desire to avoid risk of conviction of a greater charge. He notes that the guilty-plea record shows his plea was entered in conformity with *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), which allows a guilty plea conviction despite protestations of in-

nocence in these circumstances. The holding in *Winker,* however, does not depend on the accused person's motivation in entering the guilty plea nor does it require the factual basis for the conviction to be established by the person's admissions. It merely requires a valid plea. *See* 319 N.W.2d at 296. In fact, like Chrest, Winker sought to avoid issue preclusion in the subsequent civil action by alleging his plea was entered only because of the risk of conviction of a greater offense and not because he admitted the reduced charge. *Id.* at 291.

On Chrest's appeal this case is indistinguishable from *Winker.* We affirm the trial court's judgment against him on that basis.

II. *Herman's appeal.* Herman contends the trial court erred in applying issue preclusion to him because he was a stranger to the guilty plea proceeding with an independent interest in Chrest's liability insurance.

This court explained the rights of an injured person whose loss may be indemnified by the liability insurance of another in *Farm & City Insurance Co. v. Coover,* 225 N.W.2d 335, 336–37 (Iowa 1975). In holding that the injured person was a proper party in a declaratory judgment action to determine coverage the court said:

> Iowa's direct action statute gives an injured person who obtains a judgment the right to proceed against the insurer if his execution against the judgment debtor is returned unsatisfied. § 516.1, The Code. This right does not accrue until after judgment is obtained and an execution is returned unsatisfied. *McCann v. Iowa Mutual Liability Ins. Co.,* 231 Iowa 509, 1 N.W.2d 682 (1942). However, the statute gives the injured person an interest in the liability insurance policy adverse to both the insurer and insured at the time of the injury. *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* [312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941)]. The statute is designed to protect the injured person, not the insurer or insured. It does not permit the insurer and insured to do anything by litigation or agreement between them alone to abrogate or com-

promise coverage existing at the time of the accident.

*Id.* at 337.

■ AID contends Herman's rights under Chrest's policy are measured and limited by Chrest's rights. Thus, according to AID, when Chrest is barred from asserting coverage by issue preclusion, Herman is also barred. It is true that an injured person's rights in another's liability insurance policy can rise no higher than the rights of the insured. This has been recognized in the context of actions against insurers by injured persons seeking recovery for the insurer's alleged bad faith failure to settle within policy limits. *See Koppie v. Allied Mutual Insurance Co.,* 210 N.W.2d 844, 846 (Iowa 1973). Herman, however, is not asserting a greater interest than Chrest had in the policy. He is relying only on the coverage Chrest had at the time of the loss. This is his right under the direct action statute.

The issue here is not whether Herman had a different interest under the policy than Chrest but whether Chrest's guilty plea conviction bars Herman from litigating the applicability of the policy exclusion. The fact Herman had no different rights in the policy than Chrest does not mean his rights can be defeated on the same basis as Chrest's. The direct action statute does not permit the insurer and insured to defeat coverage after the loss. Even a settlement between the insured and insurer will not bar the injured person's direct action unless made with the injured person's consent. *See* § 516.2. Just as Chrest and AID could not defeat Herman's rights by settlement, Chrest could not defeat them by admitting applicability of the exclusion. Similarly AID cannot assert against Herman the preclusive effect of a guilty plea entered by Chrest.

■ Herman was not a party to the guilty plea and had no opportunity to participate in that proceeding. He thus lacked a full and fair opportunity to litigate the issue of Chrest's intent in that action. Therefore his interest in Chrest's policy un-

der the direct action statute was unaffected by Chrest's guilty plea.

Support for this conclusion exists in *Garden State Fire & Casualty Co. v. Keefe*, 172 N.J.Super. 53, 410 A.2d 718 (1980), and *Burd v. Sussex Mutual Insurance Co.*, 56 N.J. 383, 267 A.2d 7 (1970). A case relied on by defendant, *New Jersey Manufacturers Insurance Co. v. Brower*, 161 N.J.Super. 293, 391 A.2d 923 (1978), was distinguished in *Keefe* on the ground that the victim testified on the issue of the insured's intent at the insured's criminal trial. As in *Keefe*, the injured person in the present case did not participate in the criminal proceeding.

The trial court erred in entering judgment against Herman on the coverage issue. We reverse and remand for judgment in his favor on his appeal. The effect of this holding is that Herman retains his rights under the direct action statute. If he recovers a judgment against Chrest and obtains an execution which is returned unsatisfied, he may proceed on his statutory right of action against AID.

Costs are assessed one-half to AID and one-half to Chrest.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.