WILCOX v SEALEY

Docket No. 70204. Submitted November 1, 1983, at Lansing.—Decided
February 7, 1984.

A house trailer owned by Angela Wilcox caught fire and was
damaged. The trailer was insured by Pioneer State Mutual
Insurance Company. Pioneer paid the insured portion of the
claim to Wilcox. Wilcox and Pioneer brought suit in Lapeer
Circuit Court against Harry and Orpha Sealey, doing business
as Foster Heating and Plumbing Supplies, alleging that the
Sealeys' negligence caused the fire. After making a demand on
their insurer, Auto-Owners Insurance Company, to defend them
and pay any judgment rendered up to the limits of the policy
and Auto-Owners' denial of liability, the Sealeys filed an action
for a declaratory judgment in Lapeer Circuit Court against
Auto-Owners and its local agent that Auto-Owners defend them
and pay any judgment rendered against them up to the limits
of their insurance policy with Auto-Owners. The court granted
a declaratory judgment for Auto-Owners and the agent. Subse-
quently, Wilcox and Pioneer entered into a consent judgment
with the Sealeys. Thereafter, Wilcox and Pioneer filed a gar-
nishment against Auto-Owners. The court, Martin E. Clements,
J., entered an order quashing the garnishment. Wilcox and
Pioneer appealed. *Held:*

The plaintiffs were not necessary and essential parties who
had to be joined in the action between the Sealeys and Auto-
Owners, but they had sufficient actual knowledge and could
have intervened in the action for a declaratory judgment.
While the declaratory judgment is not res judicata as to the

REFERENCES FOR POINTS IN HEADNOTES
[1] 59 Am Jur 2d, Parties §§ 137, 143, 144, 161.
When is representation of applicant's interest by existing parties
inadequate and applicant bound by judgment so as to be entitled
to intervention as of right under Federal Rule 24(a)(2) and similar
state statutes or rules. 84 ALR2d 1412.
[2] 59 Am Jur 2d, Parties §§ 95, 96.
[3] 46 Am Jur 2d, Judgments § 396.
[4] 46 Am Jur 2d, Judgments § 531.
[5] 46 Am Jur 2d, Judgments § 521.

plaintiffs because similar parties are not involved in the two cases, the plaintiffs are collaterally estopped from being entitled to a retrial of the coverage issue. The plaintiffs had actual notice that the coverage issue was being litigated and could have easily intervened. The trial court's order should be affirmed.

Affirmed.

1. PARTIES — INTERVENTION AS OF RIGHT — COURT RULES.

An applicant for intervention satisfies the requirements of the court rule for intervention as of right in an action if (1) the application is timely, (2) he establishes that representation of his interest by existing parties is or may be inadequate, and (3) he may be bound by a judgment in the action (GCR 1963, 209.1[3]).

2. PARTIES — NECESSARY JOINDER — COURT RULES.

The court rule providing for the necessary joinder of parties requires that persons having such interests in the subject matter and action that their presence in the action is essential to permit the court to render complete relief be joined (GCR 1963, 205.1).

3. ESTOPPEL — RES JUDICATA — COLLATERAL ESTOPPEL.

Res judicata bars the reinstitution of the same cause of action by the same parties in a subsequent suit; collateral estoppel bars the relitigation of issues previously decided when such issues are raised in a subsequent suit based upon a different cause of action.

4. ESTOPPEL — COLLATERAL ESTOPPEL.

Substantial identity of the parties and identical issues in the two actions are required for applying the doctrine of collateral estoppel.

5. ESTOPPEL — COLLATERAL ESTOPPEL — MUTUALITY OF ESTOPPEL.

Collateral estoppel, which precludes relitigation of issues actually determined in a prior lawsuit between parties or their privies, will not apply unless the estoppel is mutual; mutuality of estoppel is present if both litigants in the second suit are bound by the judgment rendered in the first.

*Morrissey, Bove & Ebbott* (by *Richard H. Ebbott*), for plaintiffs.

*Smith & Brooker, P.C.* (by *Philip P. Swann),* for Auto-Owners Insurance Company.

Before: CYNAR, P.J., and BEASLEY and T. GILLES-PIE,* JJ.

BEASLEY, J. Plaintiffs-appellants, Angela Wilcox and Pioneer State Mutual Insurance Company, appeal from an order granting the motion of garnishee defendant-appellee, Auto-Owners Insurance Company, to quash a writ of garnishment.

On October 31, 1977, a house trailer, owned by plaintiff Wilcox and insured by plaintiff Pioneer, caught fire and was damaged. Plaintiffs claim that the proximate cause of the fire was the negligence of defendants Harry and Orpha Sealey. When plaintiffs brought suit against the Sealeys, the latter demanded that garnishee defendant Auto-Owners defend them and pay any possible judgments up to the limits of the policy, namely, $5,000. When Auto-Owners refused to do so, on the ground that the coverage afforded by the policy did not extend to plaintiffs' claims, the Sealeys started an action for declaratory judgment against Auto-Owners.

In a nonjury trial, a declaratory judgment was granted in favor of Auto-Owners, holding that the insurance policy neither covered plaintiffs' claims nor required Auto-Owners to defend. Shortly after that declaratory judgment was entered on June 25, 1982, plaintiffs Wilcox and Pioneer settled their claim against the Sealeys under an agreement in which plaintiffs, claiming they were not bound by the declaratory judgment, reserved their rights against Auto-Owners under the insurance

---

* Circuit judge, sitting on the Court of Appeals by assignment.

policy. A consent judgment[1] was entered in plaintiffs' case against the Sealeys in accordance with the settlement agreement and plaintiffs then garnisheed Auto-Owners under the insurance policy for any amount of damage exceeding amounts paid under the settlement.

In response to the garnishment, garnishee defendant, Auto-Owners, filed a disclosure denying liability, claiming, among other things, that the matter was decided by the declaratory judgment previously rendered in favor of Auto-Owners. The same judge heard the motion of Auto-Owners to quash the garnishment as had presided over the declaratory judgment action.

Plaintiffs were not made a party to the declaratory judgment action in which the coverage issue was decided. However, during oral argument on the motion to quash the garnishment, the parties admitted that plaintiffs knew of the fact of the declaratory judgment action. As a result, the trial court found that plaintiffs knew and could have intervened in the declaratory judgment action if they had wished to do so. Based on that fact and the fact that the trial court had already heard a similar issue in the declaratory judgment action, the trial court quashed the writ of garnishment.

On appeal, plaintiffs argue that they should have been joined in the declaratory judgment action under GCR 1963, 205. In fact, plaintiffs argue further that under GCR 1963, 209.1(3), they "probably could have intervened of right". Plain-

[1] The consent judgment as entered was in the total sum of $12,783.99, of which $9,675 was in favor of plaintiff Pioneer State Mutual Insurance Company, and $3,108.99 was in favor of plaintiff Angela Wilcox, plus interest and costs for each. The settlement agreement provided that upon payment of $4,000 to plaintiffs Wilcox and Pioneer, either by the Sealeys or by Auto-Owners, the Sealeys would be released and the consent judgment deemed satisfied.

tiffs cite *D'Agostini v City of Roseville,*[2] which provides three requirements for application of GCR 1963, 209.1(3): (1) timely application, (2) representation of the applicant's interest by existing parties is or may be inadequate, and (3) applicant may be bound by a judgment in the action. The opinion in *D'Agostini* holds that, if all of the above are present, an applicant is qualified for intervention as of right.

Plaintiffs conclude their argument by asserting that the better rule, as between requiring the parties to join Wilcox in their declaratory judgment action and requiring Wilcox to attempt to intervene, would be to require the joinder of plaintiffs in the declaratory judgment action by the parties to that suit. Largely, we disagree with plaintiffs' analysis and, particularly, with their conclusions.

GCR 1963, 205.1 defines necessary joinder as requiring persons having such interests in the subject matter and action that their presence in the action is essential to permit the court to render complete relief to be joined.

In the Sealeys' declaratory judgment action against Auto-Owners, Wilcox was *not* such a party whose presence was essential to permit the court to render complete relief. All that Sealey sought in that declaratory judgment action was an interpretation and definition of the meaning of the insurance policy, with particular reference to whether or not Wilcox's claims against the Sealeys were within the coverage and whether or not Auto-Owners was required to undertake the defense of the Sealeys against Wilcox's claims.

In suing their own insurance company (Auto-Owners), the Sealeys could litigate and obtain the

---

[2] 396 Mich 185; 240 NW2d 252 (1976).

relief sought without joining Wilcox. Thus, we would not believe that for purposes of application of the rules on joinder, Wilcox was a necessary, essential party to the Sealeys' declaratory judgment action. On the other hand, we are inclined to believe that, if Wilcox had made timely application to intervene in the Sealeys' declaratory judgment action against Auto-Owners, Wilcox should have been permitted to intervene under GCR 1963, 209.1(3). However, although admitting to knowledge of the fact of the declaratory judgment action, Wilcox did not choose to attempt to intervene.

In *Cloud v Vance*,[3] plaintiff sued defendant for damages arising out of an automobile collision. An attorney retained by Vance's insurance company filed an appearance for him, but then was permitted to withdraw on the basis that Vance did not cooperate with him regarding discovery. Then, the insurance company sued Vance, its insured, and obtained a declaratory judgment holding that it had no obligation under the insurance policy. Cloud was not a party to the declaratory judgment action and claimed that he did not have any notice of that proceeding. Cloud then obtained a default judgment against Vance, which he sought to collect in a writ of garnishment against the insurance company.

In reversing the trial court, we held that Cloud was not precluded from a hearing on the merits regarding any obligations owed by the garnishee defendant insurance company to Cloud under the insurance policy. We held that, where a plaintiff has a substantial interest in the proceeds of an insurance policy and where the insurance company has knowledge of the existence of plaintiff's

[3] 97 Mich App 446; 296 NW2d 68 (1980).

claim, then plaintiff was entitled to notice from the insurance company of the declaratory judgment action that was brought and an opportunity to intervene.

We also held that res judicata did not apply because the action was not between the same parties. We also said that, while we doubted that a default judgment on the coverage issue could really be described as a decision on the merits, we were not required to decide that issue because res judicata did not apply where the parties were not the same. Consequently, in *Cloud,* we sent the case back for a hearing to determine whether or not there was coverage.

In *Ward v Detroit Automobile Inter-Ins Exchange,*[4] we reversed an award of accelerated judgment in favor of an insurance company. In 1974, Ward had obtained a default judgment against Gollnick arising out of a 1973 automobile collision. After the judgment was entered, Ward garnisheed the insurance company, and the insurance company filed a disclosure denying liability to Ward. Ward did not raise the statutory issue to litigate the denial of liability. Eventually, Ward obtained an assignment from Gollnick of his cause of action against the insurance company and then filed suit against the insurance company, claiming the latter did not undertake Gollnick's defense even though it knew of the automobile accident and of Ward's claim. The insurance company claimed that its disclosure denying liability to Gollnick, given in response to Ward's garnishment, was res judicata of Ward's subsequent suit against the insurance company. The trial court agreed and granted accelerated judgment.

In reversing, we held that res judicata did not

___

[4] 115 Mich App 30; 320 NW2d 280 (1982).

apply because Gollnick was not a party to the garnishment by Ward and disclosure by the insurance company and because the suit brought by Ward as Gollnick's assignee was not the same, matter as contesting the garnishment disclosure denying liability.

Neither *Cloud v Vance, supra,* nor *Ward v DAIIE, supra,* control the result here because of differences in their respective facts.

First, in this case, it is admitted that plaintiffs had knowledge of the bringing of the declaratory judgment action. There is nothing in this record to indicate that there was any reason preventing plaintiffs from having intervened and become parties in the declaratory judgment action.

In addition, the basis for the claim of no coverage is quite different here, where the claim is that the terms of the policy did not extend to the coverage sought. On the other hand, in *Cloud, supra,* the declaratory judgment action was based upon a lack of cooperation by the defendant with the attorney retained by the insurance company. In *Ward, supra,* the insured, Gollnick, assigned his rights under the policy to Ward, and there was no declaratory judgment determining coverage and validity of the insurance policy. We are inclined to believe that these changes are significant, particularly, the admitted fact that plaintiffs had knowledge of the declaratory judgment action and apparently could have intervened in that action.

Applying these cases to the within case, we hold:

1. That Wilcox was not a necessary, essential party who had to be joined under GCR 1963, 205 in the Sealeys' declaratory judgment case against Auto-Owners.

2. That Wilcox had sufficient actual knowledge and could have intervened under GCR 1963,

209.1(3) in the declaratory judgment action, but did not choose to do so.

3. That the declaratory judgment is not res judicata as to Wilcox for the reason that similar parties are not involved in this case as in the declaratory judgment case.

However, while we find that the judgment is not res judicata as to Wilcox, we do find that, because, as indicated, there is no legal excuse for Wilcox's failure to intervene in the declaratory judgment case or, to put it another way, because Wilcox has waived her right to deny the binding effect of the declaratory judgment, Wilcox is collaterally estopped from denying the validity and binding effect of the declaratory judgment on her.

In *Topps-Toeller, Inc v City of Lansing*,[5] we described the difference between res judicata and collateral estoppel:

"res judicata bars the reinstitution of the same cause of action by the same parties in a subsequent suit. Collateral estoppel bars the relitigation of issues previously decided when such issues are raised in a subsequent suit by the same parties based upon a different cause of action."

While res judicata requires that the same parties be involved in both lawsuits, collateral estoppel focuses on the issues. In *Local 98 v Flamegas Detroit Corp*,[6] we stated:

"Collateral estoppel 'means simply that when an issue of * * * fact has once been determined by a valid and final judgment, *that issue* cannot again be litigated between *the same parties* in any future lawsuit'. (Em-

[5] 47 Mich App 720, 727; 209 NW2d 843 (1973), *lv den* 390 Mich 788 (1973).

[6] 52 Mich App 297, 302-303; 217 NW2d 131 (1974).

phasis supplied.) *Ashe v Swenson,* 397 US 436, 443; 90 S Ct 1189, 1194; 25 L Ed 2d 469, 475 (1970); see *Knibbe v City of Warren,* 2 Mich App 241; 139 NW2d 344 (1966). Thus, application of this doctrine requires (1) identity of parties and (2) identity of issues. \* \* \*

"Substantial identity, not precise identity, is all that is required. *Sunshine Anthracite Coal Co v Atkins,* 310 US 381; 60 S Ct 907; 84 L Ed 1263 (1940). While Darin, a party in the previous case, is not a party here, 'it is no objection that the former action included parties not joined in the present action, or vice versa, so long as the judgment was rendered on the merits \* \* \*'. *Dreyfus v First National Bank of Chicago,* 424 F2d 1171, 1175 (CA 7, 1970); see *Jordon v Stuart Creamery, Inc,* 258 Iowa 1; 137 NW2d 259 (1965)."

Unlike res judicata, then, collateral estoppel may apply where the parties are not identical in a subsequent lawsuit. The estoppel doctrine requires that the issues in the two actions be identical, not merely similar.[7]

In the within case, the issue decided in the Auto-Owners declaratory judgment action, namely, whether coverage under the insurance policy extended to plaintiffs' claims against the Sealeys, is the same issue raised by Auto-Owners' disclosure to the garnishment denying liability under the insurance policy.

In *Darin & Armstrong v Ben Agree Co,*[8] we stated:

"Collateral estoppel precludes relitigation of issues actually determined in a prior lawsuit between parties or their privies. *Senior Accountants, Analysts & Appraisers Ass'n v Detroit,* 399 Mich 449, 458; 249 NW2d 121 (1976). But collateral estoppel does not apply unless the estoppel is mutual. *Howell v Vito's Trucking &*

---

[7] *Id.*

[8] 88 Mich App 128, 134; 276 NW2d 869 (1979), *lv den* 406 Mich 1007 (1979).

*Excavating Co,* 386 Mich 37; 191 NW2d 313 (1971). Mutuality of estoppel is for all practical purposes coextensive with the requirement of identity of parties or privity. *Braxton v Litchalk,* 55 Mich App 708, 721; 223 NW2d 316 (1974)."

Mutuality of estoppel is present if both litigants in the second suit are bound by the judgment rendered in the first.[9] Since we would hold that the declaratory judgment would be just as binding on Auto-Owners (if the opposite result had been reached in the declaratory judgment action) as on the Sealeys, there is no lack of mutuality.[10]

Where, in addition, as here, plaintiffs had actual notice that the coverage issue was being litigated and plaintiffs could easily have intervened, we hold that the doctrine of collateral estoppel prevents plaintiffs from being entitled to retrial of the coverage issue.[11] For these reasons, we affirm the trial court's award of judgment to defendant Auto-Owners.

Affirmed.

---

[9] *Stolaruk v Dep't of Transportation,* 114 Mich App 357; 319 NW2d 581 (1982).

[10] *Howell v Vito's Trucking & Excavating Co,* 386 Mich 37; 191 NW2d 313 (1971).

[11] *Local 98 v Flamegas Detroit Corp, supra.*