842 F.2d 1289
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Heather BURMASTER, by her guardian ad litem Deborah
OVERCASH, Edna B. McClain, Richard Overcash, Neba Jean
Sevier, Willie Whitaker, Debra Wilson, by her guardian ad
litem Marie Whitaker, Plaintiffs-Appellees,
v.
CONTINENTAL CASUALTY COMPANY, Federal Insurance Company,
Defendants-Appellants,
Teddy Morris, Jr., D.M.D., Defendant-Appellee.
 87-1098.
 United States Court of Appeals, Fourth Circuit.
 March 16, 1988.
 
 Frank Huger Gibbes, III (Rainey, Britton, Gibbes & Clarkson, P.A. on brief) for appellants.
 Clarence Rauch Wise (Wise & Tunstall, Ted B. Wyndham, Pracht & Wyndham on brief) for appellees.
 Before DONALD RUSSELL, K.K. HALL, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs, former patients of defendant, Ted Morris, Jr., D.M.D., instituted this action against Morris for professional negligence and obtained default judgments. Morris was insured by the defendant, Federal Insurance Company, and reinsured by the defendant, Continental Casualty Company, both of which have refused to pay the default judgments obtained by plaintiffs. Defendants, Federal and Continental, appeal from the judgment of the district court which concluded that they were liable for the judgments obtained by plaintiffs. We affirm.
 
 
 2
 The professional liability insurance policy under which Morris was insured contains the following provisions:
 
 
 3
 [In the event of a claim or suit against the insured], The insured shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity ... and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses.... No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this insurance.
 
 
 4
 It is undisputed that, at the time of suit, Morris was living outside of South Carolina and did not assist the insurance companies in defending this action. However, the South Carolina Supreme Court has held that
 
 
 5
 [A] liability insurer may successfully defend upon the ground that the insured has violated the cooperation clause only when the breach has been material and has resulted in substantial prejudice to the insurer. Furthermore, the insurer must be reasonable in its demands and diligent in its efforts to secure the cooperation of the insured.
 
 
 6
 Evans v. American Home Assurance Co., 252 S.C. 417, 420, 166 S.Ed.2d 811, 813 (1969).
 
 
 7
 The district court entered judgment in favor of the plaintiffs on the basis that Federal and Continental had not exercised due diligence in seeking the cooperation of Morris and had not been substantially prejudiced by Morris' failure to cooperate. The insurers appeal from this judgment of the district court.
 
 
 8
 The questions of whether an insurance company was diligent in seeking the cooperation of the insured and whether it was substantially prejudiced by the failure to secure such cooperation "are issues of fact for determination by the jury or by the trial judge ... and the burden of proof rests squarely upon the insurer." Id. As findings of fact, these judgments of the district court "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed.R.Civ.P. 52(a).
 
 
 9
 The first issue which we need to decide is whether the district court was clearly erroneous in finding that the insurers failed to meet the burden of establishing that they had been diligent in their efforts to secure the cooperation of Dr. Morris.
 
 
 10
 The search for Morris began in April 1985 when Barry Logan, a Claim Representative for Continental, was unable to contact Dr. Morris by phone. Logan then traveled to Greenwood, South Carolina and conducted a one-day field investigation at which time he discovered that Morris had vacated his former home and his dental office. Both Morris' realtor and Morris' parents stated that they did not know where Morris could be located. Logan then wrote to Dr. Morris at his last known address in Greenwood and the letters were returned. Finally, the insurers hired Equifax services which then contacted several individuals in Greenwood in another unsuccessful attempt to locate Dr. Morris. During the pendency of this action, in November 1986, attorneys for the insurers finally came upon Morris' correct address when they discovered that he had been successfully served in another legal action.
 
 
 11
 The district court concluded that "[T]he efforts of Continental and Federal to locate Morris were cursory at best. A one-day field investigation with no follow-up inquiries and a single Equifax search do not constitute diligent efforts." The district court was particularly influenced by the fact that Logan had leads for locating Dr. Morris but failed to follow up on any of these leads. Specifically, Logan suspected that the realtor knew where Morris was located and Logan knew that he could gain access to certain of Morris' records by obtaining consent of a Greenwood attorney who was vacationing at the time of Logan's one-day field investigation.
 
 
 12
 In reviewing this case, we are mindful of the Supreme Court's admonition that a factual finding is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Gypsum Co., 333 U.S. 364, 395 (1947). Further,
 
 
 13
 If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.
 
 
 14
 Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985).
 
 
 15
 In the instant case, the district court was forced to examine the evidence and decide whether the insurers had made a diligent effort to locate Dr. Morris. The district court found that they had not made such an effort. This decision is supported by the evidence and is not clearly erroneous.
 
 
 16
 We next move to the question of whether the district court was clearly erroneous in finding that the insurers were not prejudiced by Dr. Morris' absence from these proceedings. "The burden of proof is also upon the insurer not only to prove a breach of the cooperation clause, but in addition, that the insurer was substantially prejudiced by the failure to cooperate." Pharr v. Canal Insurance Co., 233 S.C. 266, 104 S.E.2d 394, 401 (1958).
 
 
 17
 The district court found on the specific facts of this case that the negligence of Dr. Morris was so great as to preclude any successful defense on his behalf. Because the insurers could not have successfully defended this claim, they were not prejudiced by Morris' lack of cooperation. Specifically, the district court found that the insurers
 
 
 18
 never conducted any investigation whatsoever into the malpractice claims asserted by the six plaintiffs in this action.... They never investigated any of the claims on the basis of liability.... The professional negligence in these cases was so gross as to preclude any successful defense(s) that could have absolved Morris of liability.... The record clearly shows that Dr. Morris had no chance of winning any of these cases. The insurance carriers offered no testimony nor theory as to how they could have successfully defended Dr. Morris.
 
 
 19
 If the insurers could not have prevailed with Morris' assistance, then they were not prejudiced by his absence. Based on these unusual circumstances, the district court's finding that the insurers were not substantially prejudiced by Morris' failure to cooperate cannot be labeled as clearly erroneous.
 
 
 20
 Accordingly, the judgment of the district court is
 
 
 21
 AFFIRMED.